FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
15 JAN 15 PM 6:00
DEPUTY

Cause No. 2012-CI-12940



ORIGINAL

2012CI12940_P00100

| | |
|---|---|
| **KAFAI LEE,** | **IN THE DISTRICT COURT** |
| Plaintiff & Counter- Defendant, | |
| v. | **57TH JUDICIAL DISTRICT** |
| **KENNETH LAU, CONNIE ANDREWS, and GOLDEN WOK, LTD.,** | |
| Defendants & Counter- Plaintiffs. | **BEXAR COUNTY, TEXAS** |

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY
15 JAN 15 PM 3:37
BY DEPUTY

## <u>CHARGE OF THE COURT</u>

**LADIES AND GENTLEMEN OF THE JURY**

This case is submitted to you by asking questions about the facts, which you must decide from the evidence you have heard in this trial. You are the sole judges of the credibility of the witnesses and the weight to be given their testimony, but in matters of law, you must be governed by the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions in this charge. In discharging your responsibility on this jury, you will observe all the instructions, which have previously been given you. I shall now give you additional instructions, which you should carefully and strictly follow during your deliberations.

1. Do not let bias, prejudice or sympathy play any part in your deliberations.

DOCUMENT SCANNED AS FILED

2. In arriving at your answers, consider only the evidence introduced here under oath and such exhibits, if any, as have been introduced for your consideration under the rulings of the Court; that is, what you have seen and heard in this courtroom, together with the law as given you by the Court. In your deliberations, you will not consider or discuss anything that is not represented by the evidence in this case.

3. Since every answer that is required by the charge is important, no juror should state or consider that any required answer is not important.

4. You must not decide who you think should win, and then try to answer the questions accordingly. Simply answer the questions, and do not discuss nor concern yourselves with the effect of your answers.

5. You will not decide the answer to a question by lot or drawing straws, or by any other method of chance. Do not return a quotient verdict. A quotient verdict means that the jurors agree to abide by the result to be reached by adding together each juror's figures and dividing by the number of jurors to get an average. Do not do any trading on your answers; that is, one juror should not agree to answer a certain question one way if others will agree to answer another question another way.

6. You may render your verdict upon the vote of ten or more members of the jury. The same ten or more of you must agree upon all of the answers made and to the entire verdict. You will not, therefore, enter into an agreement to be bound by a majority or any other vote of less than ten jurors. If the verdict and all of the answers therein are reached by unanimous agreement, the

DOCUMENT SCANNED AS FILED

presiding juror shall sign the verdict for the entire jury. If any juror disagrees as to any answer made by the verdict, those jurors who agree to all findings shall each sign the verdict.

The instructions are given you because your conduct is subject to review the same as that of the witnesses, parties, attorneys and the judge. If it should be found that you have disregarded any of these instructions, it will be jury misconduct and it may require another trial by another jury; then all of our time will have been wasted.

The presiding juror or any other who observes a violation of the Court's instruction shall immediately warn the one who is violating the same and caution the juror not to do so again.

When words are used in this charge in a sense that varies from the meaning commonly understood, you are given a proper legal definition, which you are bound to accept in place of any other meaning.

Answer "Yes" or "No" to all questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No." The term "preponderance of the evidence" means the greater weight and degree of credible testimony or evidence introduced before you and admitted in this case.

Whenever a question requires other than a "Yes" or "No" answer, your answer must be based on a preponderance of the evidence.

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

The term "Golden Wok-Marbach Restaurant" shall refer to the restaurant operation located at Lot 30 as of March 2011.

DOCUMENT SCANNED AS FILED

# QUESTION NO. 1

Did Kafai Lee, Kenneth Lau, and Connie Andrews agree to be partners in the Golden Wok-Marbach Restaurant operation currently located on Lot 30 at Marbach Road?

In answering this question, you shall consider the following factors:

(1) Receipt or right to receive a share of the profits of the business;

(2) Expression of an intent to be partners in the business;

(3) Participation or right to participate in control of the business;

(4) Agreement to share or sharing:

    a. Losses of the business; or

    b. Liability for claims by third parties against the business; and

(5) Agreement to contribute or contributing money or property to the business.

In deciding whether the parties agreed to be partners, you may consider what they said and did in light of the surrounding circumstances, including any earlier course of dealing.

Answer "Yes" or "No"

No

DOCUMENT SCANNED AS FILED

If you answered "Yes" to Question No. 1, answer Question No. 2. Otherwise, do not answer Question No. 2.

## QUESTION NO. 2

Which of the following factors did you find, if any, in answer to Question No. 1:

Answer "Yes" or "No" to each of the following:

1. Receipt or right to receive a share of the profits of the business.

_____

2. Expression of an intent to be partners in the business. _____

3. Participation or right to participate in control of the business.

_____

4. Agreement to share or sharing:

   a. Losses of the business; _____

   b. Liability for claims by third parties against the business;

   _____

5. Agreement to contribute or contributing money or property to the business.

_____

DOCUMENT SCANNED AS FILED

## QUESTION NO. 3

With regard to the opening of the Wok Inn Restaurant located at Loop 1604 and Culebra, did Kafai Lee fail to comply with his fiduciary duty to Kenneth Lau, Connie Andrews and China Rose, Ltd.?

Because a relationship of trust and confidence existed between them, Kafai Lee owed Kenneth Lau, Connie Andrews and China Rose, Ltd. a fiduciary duty.

To prove Kafai Lee failed to comply with his duty, Kenneth Lau, Connie Andrews and China Rose must show:

a. the transaction in question was not fair and equitable to Kenneth Lau, Connie Andrews or China Rose;

b. Kafai Lee failed to make reasonable use of the confidence that was placed in him;

c. Kafai Lee did not act in the utmost good faith and did not exercise the most scrupulous honestly toward Kenneth Lau, Connie Andrews or China Rose;

d. Kafai Lee failed to place the interests of Kenneth Lau, Connie Andrews or China Rose before his own, and instead, used the advantage of his position to gain benefit for himself at the expense of Kenneth Lau, Connie Andrews or China Rose, and further placed himself in a position where his self-interest might conflict with his obligations as a fiduciary; or

e. Kafai Lee failed to fully and fairly disclosed all important information to Kenneth Lau, Connie Andrews or China Rose concerning the transactions described above.

Answer "Yes" or "No".

ANSWER: _____NO_____

DOCUMENT SCANNED AS FILED

If you have answered yes to **Question 3 (regarding the opening of the Wok Inn at Culebra and 1604)**, answer Question 4. Otherwise do not answer Question 4.

## QUESTION NO. 4

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kenneth Lau, Connie Andrews and China Rose, Ltd., for their damages, if any, that were proximately caused by such conduct of Kafai Lee?

Consider the following elements of damages, if any, and none other.

Lost profits that were a natural, probable, and foreseeable consequence of Kafai Lee's conduct related to the opening of the Wok Inn at Culebra and 1604.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a.  Lost Profits that Kenneth Lau, Connie Andrews and China Rose, in reasonable probability, sustained in the past.

Answer: $_____

b.  Lost Profits that Kenneth Lau, Connie Andrews and China Rose, in reasonable probability, will be sustained in the future.

Answer: $_____

DOCUMENT SCANNED AS FILED

## QUESTION NO. 5

With regard to the "First Amendment" to the three restaurant management agreements that reduced the monthly payments from each of the three China Rose restaurant managers, did Kafai Lee fail to comply with his fiduciary duty to Kenneth Lau, Connie Andrews and China Rose, Ltd.?

Because a relationship of trust and confidence existed between them, Kafai Lee owed Kenneth Lau, Connie Andrews and China Rose, Ltd. a fiduciary duty.

To prove Kafai Lee failed to comply with his duty, Kenneth Lau, Connie Andrews and China Rose must show:

a. the transaction in question was not fair and equitable to Kenneth Lau, Andrews or China Rose;

b. Kafai Lee failed to make reasonable use of the confidence that was placed in him;

c. Kafai Lee did not act in the utmost good faith and did not exercise the most scrupulous honestly toward Kenneth Lau, Connie Andrews or China Rose;

d. Kafai Lee failed to place the interests of Kenneth Lau, Connie Andrews or China Rose before his own, and instead, used the advantage of his position to gain benefit for himself at the expense of Kenneth Lau, Connie Andrews or China Rose, and further placed himself in a position where his self-interest might conflict with his obligations as a fiduciary; or

e. Kafai Lee failed to fully and fairly disclose all important information to Lau, Andrews or China Rose concerning the transactions.

Answer "Yes" or "No".

ANSWER: _____NO_____

2039

DOCUMENT SCANNED AS FILED

If you have answered yes to **Question 5 (with regard to amending the management agreements)**, answer Question 6. Otherwise do not answer Question 6.

## QUESTION NO. 6

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Kenneth Lau, Connie Andrews and China Rose for their damages, if any, that were proximately caused by such conduct?

Consider the following elements of damages, if any, and none other.

Lost profits that were a natural, probable, and foreseeable consequence of Kafai Lee's conduct related to amending the management agreements to include the reduction in monthly payment.

In considering this question, you should consider the time period.

Do not add any amount for interest on damages, if any.

Answer separately in dollars and cents for damages, if any.

a.  Lost Profits that Kenneth Lau, Connie Andrews and China Rose, in reasonable probability, sustained in the past.

Answer: $_____

b.  Lost Profits that Kenneth Lau, Connie Andrews and China Rose, in reasonable probability, will be sustained in the future.

Answer: $_____

2040

DOCUMENT SCANNED AS FILED

## Question No. 7

Do you find that Kafai Lee acted with specific intent to cause substantial injury or harm to China Rose, Kenneth Lau or Connie Andrews, with regard to the following acts:

Kafai Lee terminated the China Rose restaurant management agreements.

Answer "Yes" or "No".

ANSWER: __YES__

Do you find that Kafai Lee caused substantial injury or harm to China Rose, Kenneth Lau or Connie Andrews, with regard to the following acts:

Kafai Lee terminated the China Rose restaurant management agreements.

Answer "Yes" or "No".

ANSWER: __NO__

2041

DOCUMENT SCANNED AS FILED

## Question No. 8

Do you find that Kafai Lee acted with specific intent to cause substantial injury or harm to China Rose, Kenneth Lau or Connie Andrews, with regard to the following acts:

> Kafai Lee moved the China Rose restaurant management agreements and income to his limited liability company, CHR, LLC.

> Answer "Yes" or "No".

ANSWER: ___YES___

Do you find that Kafai Lee caused substantial injury or harm to China Rose, Kenneth Lau or Connie Andrews, with regard to the following acts:

> Kafai Lee moved the China Rose restaurant management agreements and income to his limited liability company, CHR, LLC.

> Answer "Yes" or "No".

ANSWER: ___NO___

2042

DOCUMENT SCANNED AS FILED

After you retire to the jury room, you will select your own presiding juror. The first thing the presiding juror will do is to have this complete charge read aloud and then you will deliberate upon your answers to the questions asked.

It is the duty of the presiding juror:

1.    to preside during your deliberations;

2.    to see that your deliberations are conducted in an orderly manner and in accordance with the instructions in this charge;

3.    to write out and hand to the bailiff any communications concerning the case that you desire to have delivered to the judge;

4.    to conduct the votes on the questions;

5.    to write your answers to the issues in the spaces provided; and

6.    to certify your verdict in the space provided for the presiding juror's signature or to obtain the signature of all the jurors who agree with the verdict if your verdict is less than unanimous.

You should not discuss the case with anyone, not even with other members of the jury, unless all of you are present and assembled in the jury room. Should anyone attempt to talk to you about the case before the verdict is returned, whether at the courthouse, at your home, or elsewhere, please inform the judge of this fact.

When you have answered all of the questions you are required to answer under the instructions of the judge, and your presiding juror has placed your

answers in the spaces provided, and signed the verdict as presiding juror or obtained the signatures, you will inform the bailiff at the door of the jury room that you have reached a verdict, and then you will return into the Court with your verdict.

_Stephain A. Wash_
JUDGE PRESIDING

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

(To be signed by the presiding juror if unanimous)

_Robert Allan Onufre_
PRESIDING JUROR

(TO BE SIGNED BY THOSE RENDERING THE VERDICT IF NOT UNANIMOUS)

_____

_____

_____

_____

_____

_____

_____

_____

_____

DOCUMENT SCANNED AS FILED